Jake D. Finkel, Esq. (SBN 293954)
Avraham Kalaf, Esq. (SBN 325249)
Eugene Feldman, (SBN 118497)
**THE FINKEL FIRM, APC**
3470 Wilshire Blvd., Suite 830
Los Angeles, CA 90010
Tel: (213) 787-7411
Fax: (323) 916-0521
jake@finkelfirm.com
gene@finkelfirm.com
avi@finkelfirm.com

Attorneys for Plaintiff
Victor Davila

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR DAVILA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BJ'S RESTAURANTS, INC. and DOES 1-10, inclusive,<br><br>Defendants. | Case No. '22CV1615 H MSB<br><br>**COMPLAINT**<br><br>**1.VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 1281);**<br>**2. VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CAL. CIV. CODE § 51, 51.5, 52)** |

## NATURE OF ACTION

1. This action arises out of the discriminatory conduct by Defendants in violation of federal and California statutes designed to protect Plaintiff, a qualified individual with physical disabilities.

2. Plaintiff is informed and believes and alleges thereon that Defendant BJ's Restaurants, Inc. (hereafter "BJ's") is a California corporation with its principal place of business located in the City of Huntington Beach.

3. BJ's owns and operates a chain of restaurants, which are places of public accommodation under California and federal disability rights statutes.

4. Defendants' have engaged in discriminatory conduct by denying Plaintiff full and equal access to the BJ's Restaurant located at 555 Broadway Suite 1019 in the City of Chula Vista on account of his disability.

5. As a result of this conduct, Plaintiff was not provided the same opportunity to purchase and consume food and beverage as other individuals who are not disabled. Mr. Davila was thereby denied the full use and enjoyment of a place of public accommodation.

## JURISDICTION AND VENUE

6. Jurisdiction action is proper in this Court pursuant to 28 U.S.C. §1331. Supplemental jurisdiction over state claims is proper pursuant to 28 U.S.C. §1367.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the location where the discriminatory conduct took place occurred in the City of Chula Vista within San Diego County.

## THE PARTIES

8. Plaintiff Victor Davila "Mr. Davila" is an individual who, at all relevant times herein mentioned:

a. Was a resident of the County of Ventura, State of California;

b. Had a physical disability, as that term is defined in 42 U.S.C. § 12102 and Cal. Gov. Code § 12926, which substantially limits a major life activity: mobility. Plaintiff has been diagnosed and treated for the neurological condition of muscular dystrophy. One characteristic of his disability is that Mr. Davila walks with an altered gait. This gait impairment is readily observable;

c. Was a customer who was present at the BJ's Restaurant in Chula Vista along with other members of his family;

d. Ordered food and beverage and paid for this beverage from a food service facility owned and operated by Defendants;

e. Suffered discrimination by the Defendants and their employees by failing and refusing to provide Mr. Davila with service;

f. Incurred humiliation, emotional distress and embarrassment as a result of the failure and refusal of defendants to allow him to be served food and beverages as ordered;

g. Is a resident of Ventura County who intends to visit the Chula Vista location for family gatherings in the future if assured the BJ's discriminatory practices are abated.

9. Defendant BJ's is a private entity organized and operating under the laws of the State of California, which at all relevant times herein mentioned:

a. Maintained its headquarters in the City of Huntington Beach, California;

b. Owns, operates and/or or leases a business, sales and service establishment including food service, within the meaning of Cal. Civ. Code § 51 to members of the general public at its Chula Vista restaurant;

c. The restaurant constitutes "accommodations, advantages, facilities, privileges or services," within the meaning of Cal. Civ. Code § 51 *et seq*.

d. Discriminated against Plaintiff on account of his disability by refusing to allow him to consume food and beverages under the same terms and conditions as were provided to non-disabled customers.

10. The Defendants whose identities are unknown are sued herein under the names DOES 1-10 ("DOES"). Plaintiff is informed and believes and thereon alleges that all of the Defendants, including the DOES, are in some manner responsible for the injuries herein alleged. Plaintiff sues the DOES in their individual and official capacities. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 1-10, inclusive, when they are ascertained.

11. Plaintiff is informed and believes, and based upon that information and belief alleges, that each of the Defendants named in this Complaint, including DOES 1-10, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries hereinafter alleged.

12. Plaintiff is informed and believes, and based upon that information and belief alleges, that each Defendant named in this Complaint, including DOES 1-10, inclusive, knowingly and willfully acted in concert to damage Plaintiff and to otherwise consciously and/or recklessly act in derogation of Plaintiff's rights,

and the trust reposed by Plaintiff in each of said Defendants, said acts being negligently and/or intentionally inflicted.

13. Said conspiracy, and Defendants' concerted actions, were such that, to the information and belief of Plaintiff, and to all appearances, Defendants and each of them, represented a unified body so that the actions of one Defendant were accomplished in concert with, and with knowledge, ratification, authorization and approval of each of the other Defendants.

14. Plaintiff is informed and believes, and based upon that information and belief alleges, that each of the Defendants named in this Complaint, including DOES 1-10, inclusive, is, and at all times mentioned herein was, the agent, servant and/or employee of each of the other Defendants and that each Defendant was acting within the course and scope of his, her, or its authority as the agent, servant and/or employee of each of the other Defendants. Consequently, all of the Defendants are liable for the injuries caused to Plaintiff.

15. At all times set forth herein, the acts and omissions of each Defendant caused, led and/or contributed to the various acts and omissions of each and all of the other Defendants, legally causing the injuries to Plaintiff.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

16. Defendant BJ's Restaurant is a private entity, which provides, inter alia, food and beverages to members of the public in Chula Vista, California.

17. Mr. Davila is a disabled individual who is substantially limited in the major activity of walking. His balance is impaired.

18. On or about March 5, 2022, Mr. Davila, his wife and other family members came to the restaurant. There were six adults and six children. Adults in the Davila party, including Plaintiff, ordered one round of drinks while waiting for a table. Mr. Davila consumed one alcoholic beverage.

19. There was an approximately 30-minute wait for a table. During this time, Mr. Davila ambulated to the restroom with the assistance of a family member. When the table was ready, food and a second round of drinks were ordered.

20. A male server then told the party that they could not be served drinks but didn't say why. A female server then indicated that she could fill their order. Then she returned to the Davila table and communicated that her manager had instructed her that nobody could be served alcohol. No reason was provided for this managerial decision to decline service to the Davila party.

21. There were two managers on duty, one of whom appeared to be Hispanic. He spoke in Spanish at various points to members of the Davila party. The other manager was Caucasian. Members of the Davila party inquired as why their party was declined service.

22. Eventually the Hispanic manager spoke with Plaintiff Victor Davila and his wife, Jennifer. The manager told them they weren't served being served because he (referring to Mr. Davila) was "walking drunk."

23. Mr. Davila denied being drunk. He explained the manager that he was disabled with muscular dystrophy. Mr. Davila complained to the manager that he was being discriminated against because of his disability. The manager responded by saying "he felt sorry for Mr. Davila."

24. Notwithstanding Mr. Davila's explanation about his disability related impairment, the manager continued to deny service to Mr. Davila and his family. The Davila party was ejected after protesting the mistreatment of Mr. Davila. Jennifer Davila contacted the Chula Vista Police Department.

25. Plaintiff is informed and believes and alleges that no disciplinary action has been taken against the manager who refused to rescind his discriminatory denial of service to Mr. Davila.

**I.**

**FIRST CAUSE OF ACTION**

**VIOLATION OF**

**[Title III Americans with Disabilities Act]**

**(42 U.S.C. §§ 12181 *et seq*.)**
**(Against all Defendants)**

26. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 25 of this Complaint.

27. In 1990, the United States Congress made findings regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities," that "historically society has tended to isolate and segregate individuals with disabilities," that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem," that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ." 42 U.S.C. §12101.

28. Title III of the ADA establishes the general rule that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations by any person who owns, leases, or operates a place of public accommodation." 42 U.S.C. §12182 (a).

29. The regulations promulgated by the United States Department of Justice provide, in part:

a. Denial of participation. A public accommodation shall not subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation. 28 C.F.R. §36.202(a).

b. Participation in unequal benefit. A public accommodation shall not afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 28 C.F.R. §36.202(b).

c. Separate benefit. A public accommodation shall not provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others. 28 C.F.R. §36.202(c).

30. Title 42 U.S.C. §12181 (6) defines "private entity" as "any entity other than a public entity," and §12181 (7)(b) states in part: "the following private entities are considered public accommodations for purposes of this sub-chapter, if the operations of such entities affect commerce:

b) "a restaurant, bar, or other establishment serving food or drink";

31. Defendants breached its duty to refrain from discriminating against Plaintiff as a qualified individual with a disability by denying plaintiff access to the services, privileges and accommodations of the Chula Vista restaurant.

32. Defendants acted in conscious disregard for the rights of Plaintiff as a disabled individual by continuing to refuse to serve Plaintiff even after one of its manager's was informed that Plaintiff was disabled and not impaired.

33. Plaintiff has incurred humiliation, emotional distress and damages in a sum according to proof as a result of the wrongful conduct of the Defendants.

34. Unless Defendants are restrained by a preliminary and permanent mandatory injunction, Plaintiff will continue to suffer irreparable harm by Defendants' discriminatory practices. Plaintiff will have no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of rights protected by this Act.

35. Plaintiff wishes to return to the Chula Vista BJ's if assured its discriminatory treatment is abated and its staff properly trained. Plaintiff has family members who reside in San Diego he visits and will continue to do so in the future.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
**[Cal. Civ. Code §§ 51, 51.5 and 52]**

**(Against All Defendants)**

36. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-35 of this Complaint.

37. Section 51 of the California Civil Code (the "Unruh Act") provides that all persons in California are free and equal no matter their sex, race color, religion, ancestry, national origin, disability or medical condition, and are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

38. Section 51.5 of the California Civil Code provides, in relevant part, that no business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person on account of their disability, among other protected groups.

39. Section 52 of the California Civil Code provides that whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51 is liable for each and every offense.

40. Defendants' treatment of Plaintiff has denied Mr. Davila full and equal access to the accommodations, advantages, facilities, privileges, and services with respect to Defendants' business establishment on the basis of disability in violation of his rights under the ADA as set forth in the first cause of action and thereby also violate the Unruh Act.

41. Defendants operate a business establishment within the jurisdiction of the State of California and, as such, are obligated to comply with the provisions of the Unruh Act.

42. The Unruh Act guarantees, inter alia, that persons with physical disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California regardless of their disability.

Section 51.5 specifically prohibits business establishments from discriminating against or refusing to do business with individuals with disabilities.

43. Defendants have violated the Unruh Act by, inter alia, denying Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services offered by Defendants by failing to provide Plaintiff with full and equal food and beverage service on March 5, 2022.

44. Civil Code 51(f) provides: "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 Public Law 101-336 shall also constitute a violation of this section."

45. In committing the acts as alleged in this Complaint, Defendants have willfully violated the Unruh Act by failing to operate its services on a non-discriminatory basis; failing to ensure that persons with disabilities have nondiscriminatory access to public accommodations; and failing to provide specific rights guaranteed by the ADA and the Federal rules and regulations adopted in implementation thereof.

46. Unless Defendants are restrained by a preliminary and permanent mandatory injunction, Plaintiff will continue to suffer irreparable harm by Defendants' discriminatory practices. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of rights protected by California Civil Code § 51.

47. Plaintiff has incurred humiliation, emotional distress and damages in a sum according to proof as a result of the wrongful conduct of the Defendants.

48. The violation by Defendants of the rights of Plaintiff, as protected by the Unruh Act, entitle Plaintiff to receive attorneys' fees, and declaratory and

injunctive relief, all of which are provided for in California Civil Code § 52 and are prayed for below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. For a declaration that Defendants' conduct as alleged herein has violated and continues to violate 42 U.S.C. §12181, and California Civil Code § 51;

b. Issue preliminary and permanent injunctions requiring each Defendant to undertake to remedy the discriminatory effects of statutory violations pursuant to 42 U.S.C. §12181, California Civil Code § 51, and to prevent discrimination against plaintiff as a disabled patron;

c. For costs of suit;

d. For reasonable attorney fees and costs pursuant to 42 U.S.C. §12205, and California Civil Code §§ 52;

e. For monetary damages in a sum according to proof as provided by statute;

f. For such other and further relief as the Court may deem just and proper.

Dated: October 19, 2022 **The Finkel Firm, APC**

s/Avraham Kalaf

Eugene Feldman
Attorneys for Plaintiff

Victor Davila

**DEMAND FOR JURY TRIAL**

Plaintiff Victor Davila hereby demands a trial by jury on all claims.

Dated: October 19, 2022

**The Finkel Firm, APC**

s/Avraham Kalaf

Eugene Feldman
Attorney for Plaintiff

Delbert B. Seamont